IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SUSAN R. FISHEL,            )
                            )
          Plaintiff,        )
                            )
    v.                      ) Civil Action No. 04-151J
                            )
JO ANNE B. BARNHART,        )
COMMISSIONER OF             )
SOCIAL SECURITY,            )
                            )
          Defendant.        )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 29th day of September, 2005, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") discontinuing her disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d

Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff, through her mother, initially applied for SSI child's benefits on July 31, 1981 at age 11, alleging disability due to hyperopia (lazy eye) and astigmatism in both eyes. At that time, plaintiff's best corrected visual acuity was 20/200 in each eye. (R. 111, 220). Plaintiff received benefits based on that application.

On May 21, 2002, plaintiff was notified that a continuing disability review of her case was to be conducted. The agency determined that significant medical improvement was present because the medical information showed that plaintiff's vision was corrected to 20/20 in the right eye and 20/40 in the left eye. As a result, plaintiff was notified that her benefits would be

AO 72A
(Rev.8/82)

discontinued in September 2002. On September 13, 2002, plaintiff filed a request for reconsideration of that decision. In addition, on October 9, 2002, plaintiff filed an application for DIB with a protective filing date of July 1989. On March 4, 2003, plaintiff was awarded a closed period of disability beginning January 1, 1989 and ceasing in September 2002.

On March 10, 2003, plaintiff requested a hearing before an ALJ relative to the decision on her DIB application. Because plaintiff's SSI file was needed to process her DIB application, no decision was made on her previous request for reconsideration of the discontinuation of her SSI benefits. The appeal on her SSI benefits was escalated to the hearing level.

A hearing was held before an ALJ on October 20, 2003, at which plaintiff appeared represented by counsel. On November 19, 2003, the ALJ issued a decision finding that plaintiff had experienced medical improvement since the date of her prior award of benefits, thus her benefits were properly discontinued in September 2002. The Appeals Council denied plaintiff's subsequent request for review making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 33 years old at the time of the ALJ's decision, thus she is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has a high school education and no past relevant work experience.

AO 72A
(Rev.8/82)

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is no longer disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of hyperopia and astigmatism in both eyes, those impairments alone, or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1, 20 C.F.R., Subpart P, Regulation No. 4 (hereinafter, "Appendix 1"). The ALJ concluded that medical improvement of plaintiff's vision problems occurred since she was awarded benefits because her vision subsequently has been corrected to 20/20 in the right eye and 20/40 in the left eye.

The ALJ found that plaintiff retains the residual functional capacity to perform a range of medium work with certain non-exertional limitations. Plaintiff requires work that is simple and routine and involves repetitive tasks. In addition, plaintiff is limited to work that involves little concentration and memory and that involves little reading or writing. Finally, plaintiff is limited to work that does not require any keen visual acuity (collectively, the "RFC Finding"). Based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background and residual functional capacity enable her to perform work that exists in significant numbers in the national

economy, such as a laundry laborer, floor buffer/custodian on the third shift, vehicle washer or seedling sorter. Accordingly, the ALJ found that plaintiff's benefits were properly discontinued in September 2002.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

To regularize the adjudicative process for continuing disability reviews, the Commissioner has promulgated regulations that govern the evaluation of continuing disability. 20 C.F.R. §416.994(b)(5). The process requires consideration of: (1) whether the claimant has an impairment or combination of impairments that meets or equals a listing in Appendix 1; (2) if not, whether there has been medical improvement in the claimant's condition; (3) if so, whether the medical improvement is related to the claimant's ability to work;[1] (4) if not, whether any of the

---

[1] The regulations provide that medical improvement that is related to the ability to work has occurred if there has been a decrease in the severity of the impairment(s) and an increase in

5

exceptions to medical improvement set forth in the regulations apply; (5) if not, whether the claimant has experienced medical improvement related to the ability to work, but continues to have a severe impairment; (6) if so, whether the claimant has the current residual functional capacity to perform her past relevant work; and (7) if not, whether the claimant can perform any other work which exists in the national economy in light of her age, education, work experience and residual functional capacity. 20 C.F.R. §416.994(b)(5)(I)-(vii).

In this case, the ALJ found plaintiff not disabled at the final step of the continuing disability review process. Plaintiff disagrees with the ALJ's conclusion that her disability properly was discontinued as of September 2002. According to plaintiff, the ALJ erred by failing to find that she has a mental impairment that meets or equals listing 12.05B and/or 12.05C for mental retardation. After reviewing the record in this case, the court disagrees with plaintiff's argument and finds that the ALJ's decision was supported by substantial evidence.

As an initial matter, the court notes that plaintiff's argument focuses on her intellectual functioning, rather than challenging the determination that there was medical improvement regarding her visual problems for which she originally was awarded

---

the functional capacity to do basic work activities.  20 C.F.R. §416.994(b)(1)(iii).

6

benefits. The court notes that substantial evidence supports the conclusion that plaintiff experienced medical improvement with regard to her visual acuity. When plaintiff initially began receiving benefits, her vision was 20/200 in both eyes. The medical evidence of record indicates that plaintiff's vision since has been corrected to 20/20 in her right eye and 20/40 in her left eye. (R. 103-04, 111, 210-11, 220). In addition, although plaintiff has complained of ongoing problems with night blindness, there is no objective medical evidence to support such a problem. In fact, a consulting physician noted that plaintiff's alleged problem with night blindness is purely a subjective complaint. (R. 105, 108).

The record in this case consists almost entirely of evidence related to plaintiff's visual problems and documentation that those problems improved. Nonetheless, plaintiff claims that she is disabled because of impaired intellectual functioning and that she meets listing 12.05B or 12.05C for mental retardation. Despite plaintiff's argument, the record contains only four pages of school records that she believes are relevant to her intellectual functioning. Those records indicate that plaintiff did not require special education classes and received average to above-average grades in school. (R. 227-30). The school records do not contain any information to establish that plaintiff met, or was medically equivalent to, listing 12.05.

AO 72A
(Rev.8/82)

Other than the school records, there is no objective evidence in the record relevant to plaintiff's claim of impaired intellectual functioning, nor is there any objective evidence whatsoever to establish that she meets the listing for mental retardation.[2] The burden is on plaintiff to show that she is disabled, and she has not met that burden with regard to her argument concerning the listing for mental retardation.[3] See 20 C.F.R. §§ 404.1512(a), 416.912(a) (requiring the claimant to produce evidence that shows she is disabled). Accordingly, the ALJ did not err in concluding that plaintiff's benefits were properly discontinued in September 2002.

After carefully and methodically considering all of the

---

[2]Plaintiff argues that a report of a psychological evaluation performed in February 2004, a copy of which was attached to plaintiff's complaint in this case, establishes that she meets or is equivalent to the listing for mental retardation. The psychological evaluation was performed three months after the ALJ rendered his decision in this case, thus the report of the evaluation was not before the ALJ when he considered this matter. Accordingly, this court is precluded from considering the psychological evaluation report in conducting its review of the case. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (when reviewing a final decision of the Commissioner denying benefits, courts cannot consider evidence that was not presented to the ALJ).

[3]Despite the fact that plaintiff did not provide evidence to indicate that she has a severe limitation in intellectual functioning, the RFC Finding restricted plaintiff to simple, routine and repetitive work that involves little concentration and memory. The ALJ stated that the RFC Finding was "more restrictive than is warranted by the objective and clinical evidence of record" in an effort to give plaintiff "every consideration" in evaluating her claim for benefits. (R. 17).

medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff's benefits properly ceased in September 2002. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: J. Kirk Kling, Esq.
 630 Pleasant Valley Blvd.
 Suite B
 Altoona, PA 16602

 John J. Valkovci
 Assistant U.S. Attorney
 224 Penn Traffic Building
 319 Washington Street
 Johnstown, PA 15901